## *Ex parte* Heyfron.

It is error to strike an attorney from the roll, on motion, without giving him notice of the proceeding.

IN ERROR from the circuit court of the county of Jasper.

MAYES and CLIFTON for plaintiff in error.

Mr. Justice TURNER delivered the opinion of the court.

This is a writ of error from the circuit court of Jasper county. The record states "that, it appearing to the satisfaction of the court that Joseph Heyfron, an attorney and counsellor of this court, and a licensed attorney and counsellor of the several courts of law and equity in this state, has been guilty of mal-practice in said office of attorney and counsellor of this court, &c. &c. in embezzling the money of his clients and absconding from the country— it is ordered by the court, that the said Joseph Heyfron be put out of the roll of attorneys and counsellors, as aforesaid, of this court, and that the license heretofore given to the said Joseph Heyfron to practice as an attorney and counsellor in the courts of this state, as aforesaid, be and the same is hereby revoked, annulled and set aside."

The errors assigned are, that the said order and judgment was without notice, either actual or constructive; that the circuit court had no power to set aside and vacate the license of an attorney; and that the record does not show on what evidence the court proceeded.

It is a cardinal principle in the administration of justice, that no man can be condemned or divested of his rights until he has had the opportunity of being heard. He must either, by service of

*Ex parte* Heyfron.

process, publishing notice, or in some other way, be brought into court; and, if judgment is rendered against him before that is done, the proceedings will be as utterly void as though the court had undertaken to act where the subject matter was not within its cognizance.    15 J. R. 121;  19 idem. 739; 1 Hill's N. Y. Rep. 139; 4 How. 401.

Judgment reversed.