STRATTON SISK, Plaintiff in Error, *v.* LEVI WOODRUFF, Defendant in Error.

ERROR TO GALLATIN.

A deed executed in another State conveying lands there situated, if there is no subscribing witness, should be proved by the testimony of a witness familiar with the handwriting of the grantor.

An act of the legislature of another State should be authenticated by the seal of the State. The seal of the secretary of state cannot be regarded as the seal of the State.

In order to maintain an action upon a covenant of warranty, the party suing, if he has neglected to give notice to the warrantor of the pendency of the action in ejectment by which he has been evicted, must come prepared to prove that the eviction was by force of an adverse or superior title; and that if the warrantor had appeared and defended the action of ejectment, he could not have prevented a recovery.

THIS cause was heard at July term, 1852, of the Gallatin Circuit Court.

N. L. FREEMAN, attorney for plaintiff in error.

B. MONTGOMERY and R. S. NELSON, for defendant in error.

TREAT, C. J.    This was an action of covenant brought by Levi Woodruff against Stratton Sisk. The declaration alleged in substance, that the defendant, on the 13th of September, 1830, for the consideration of one hundred dollars, sold and conveyed a certain tract of land, situated in Hopkins county, Kentucky, to Robert Woodruff, his heirs and assigns, by deed of general warranty; that on the 29th of August, 1832, Robert Woodruff sold and conveyed the same tract of land to the plaintiff, his heirs and assigns, by deed of general warranty, and that the plaintiff thereupon took possession of the same; and that on the 16th of March, 1848, the heirs at law of Ninian Edwards, having paramount title to the land existing at the date of the defendant's deed to Robert Woodruff, evicted and amoved the plaintiff therefrom by due process of law. The defendant pleaded five pleas. 1. That the deed alleged to have been executed by the defendant to Robert Woodruff, was not his act and deed. 2. That the deed alleged to have been executed by Robert Woodruff to the plaintiff, was not the act and deed of the former. 3. That the defendant had kept and performed his covenant. 4. That the plaintiff was not evicted

from the land by the heirs of Edwards, under title paramount to that of the defendant, existing at the date of his deed to Robert Woodruff. 5. Payment in full before the bringing of the action. A verdict was returned in favor of the plaintiff for $248.62, and the court refused to grant a new trial. Several exceptions were taken during the progress of the trial, which will be considered in their order.

First. The plaintiff read in evidence a deed from the defendant to Robert Woodruff, corresponding with the one described in the declaration. The defendant objected to its introduction, because the certificate of acknowledgment was defective. It will not be necessary to inquire into the sufficiency of the certificate. The statute declares that " no person shall be permitted to deny on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defence or set-off, unless the person so denying the same shall, if defendant, verify his plea by affidavit; and if plaintiff, shall file his or her affidavit denying the execution of such instrument." R. S. ch. 83, § 14. This provision is broad enough to embrace this case. The action was brought directly upon the deed; and the plea of *non est factum* was not verified by affidavit. The execution of the instrument was therefore not in issue. The plaintiff had only to produce a deed of the character of the one described in the declaration.

Second. The plaintiff read in evidence a deed from Robert Woodruff to him, corresponding with the one set forth in the declaration, without any other proof of its execution than the following certificate of acknowledgment:

" State of Kentucky, } Set.
County of Hopkins. }

This indenture was this day produced to me by Robert Woodruff, the grantor therein named, and acknowledged by him to be his act and deed. In testimony whereof, and that the said indenture and this certificate are truly recorded in my office, I have hereunto subscribed my name the 3d day of September, 1832.

" SAMUEL WOODSON, Clerk Hopkins County Court."

The Revised Statutes provide that deeds for the conveyance of real estate within this State may be " acknowledged or proved without this State and within the United States or their territories, or the District of Columbia, in conformity with the laws of such State, territory, or district: provided, that any clerk of a court of record, within such State, territory, or dis-

trict, shall, under his hand and the seal of such court, certify that such deed or instrument is executed and acknowledged or proved in conformity with the laws of such State, territory, or district." R. S. ch. 24, § 16. The act of the 22d of February, 1847, declares, " That all deeds and conveyances of lands lying within this State, may be acknowledged or proved " before " any clerk of a court of record, mayor of a city, or notary-public; but when such proof or acknowledgment is made before a clerk, mayor, or notary-public, it shall be certified by such officer under his seal of office." The certificate in question was not sufficient proof of the execution of the deed under either of these provisions. It was not verified by the seal of the clerk; nor did he certify that the deed was executed and acknowledged in conformity to the laws of Kentucky. But these provisions have no application to the case. They relate exclusively to conveyances of lands lying in this State. This deed was executed in another State, and conveyed lands there situated. The execution of the deed could not be proved by the certificate of any officer. It should be proved by the testimony of a witness familiar with the handwriting of the grantor, there being no subscribing witness to the instrument. The deed was improperly admitted in evidence.

Third. The plaintiff read in evidence the record of the proceedings had in an action of ejectment pending in the circuit court of Hopkins county, Kentucky, showing that the heirs of Ninian Edwards, on the 16th of March, 1848, recovered judgment against Levi Woodruff for certain premises, described as " fifty acres of cleared and arable land, and fifty acres of woodland, lying on the waters of Caney Fork of Tradewater, in the county of Hopkins." It appeared from the record that Levi Woodruff pleaded not guilty, and that the issue was tried by a jury. The plaintiff then introduced evidence tending to show that the land recovered in the action of ejectment was the same conveyed by the defendant to Robert Woodruff. The plaintiff then read in evidence a patent for the land in question, from the State of Kentucky to the trustees of Logan Seminary, bearing date the 17th of May, 1802. He also read in evidence a deed of the same land from the trustees of Newton Academy to Ninian Edwards, bearing date the 26th of November, 1808. For the purpose of showing the authority of the trustees of Newton Academy to make the conveyance to Edwards, the plaintiff introduced a copy of an act of the legislature of Kentucky, passed on the 27th of December, 1806, providing that Logan Seminary and Newton Academy should thereafter constitute but one corporation, under the name of Newton Acad-

2 *

emy. This paper was certified by the secretary of state to be a true copy of an original law on file in his office. The conclusion of his certificate was as follows:

" In testimony whereof, I have hereunto placed my name and the seal of my office, at Frankfort, on the 31st day of January, in the year of our Lord one thousand eight hundred and fifty, and in the 58th year of the commonwealth.

" Secretary's Office, State of Kentucky.

"JOSHUA F. BELL, Secretary of State."

The law of Congress of the 26th of May, 1790, provides, " That the acts of the legislatures of the several States shall be authenticated by having the seal of their respective States affixed thereto." The act in question was not so verified as to be admissible in evidence under this law of Congress. It was not authenticated by the seal of the State of Kentucky. The seal of the secretary cannot be regarded as the seal of the State. The case shows that the State has a different seal, and the act should have been certified under it.

But it is insisted that the record of the proceedings in the action of ejectment showed an eviction of Woodruff by paramount title, and therefore that the other evidence introduced to prove title in the heirs of Edwards was wholly unnecessary. This presents a question of some importance, respecting which there is some diversity of opinion. In order to maintain an action on a covenant of warranty, the plaintiff must show not only that he has been evicted from the land, but that the eviction was under an adverse title superior to that derived from the warrantor. Where the warrantor is notified of the pendency of the action of ejectment, and requested to defend the same, the record of recovery furnishes evidence that the eviction was under paramount title. If he appears and defends the action of ejectment, the recovery is conclusive evidence of a breach of the covenant of warranty. If he has notice and fails to defend the action, the record is conclusive evidence of eviction under superior title, unless he shows that the judgment was obtained by collusion or negligence on the part of the defendant in ejectment, or upon a conveyance made by the defendant himself. On whom does the law cast the burden of proof, where the warrantor had no notice of the pendency of the action of ejectment? Some courts hold that the record furnishes *primâ facie* evidence of an eviction under valid title, and thereby compel the warrantor to prove affirmatively that he has not broken his covenant. Paul *v.* Witman, 3 Watts & Sergeant, 407; Pitkin *v.* Leavitt, 13 Verm. 379; King *v.* Kew's

Adm'rs, 5 Ham. 154. Other courts require the plaintiff to prove by evidence *dehors* the record, that the judgment was founded upon an adverse and superior title. It is held, in the following cases, that the burden of proof is on the plaintiff: Brooker's Adm'r *v.* Bell's Ex'rs, 3 Bibb, 173 ; Prewit *v.* Kenton, Ib. 280 ; Devour *v.* Johnson, Ib. 409 ; Cox *v.* Strode, 4 Ib. 4 ; Gaither *v.* Brooks, 1 A. K. Marshall, 409 ; Stephens *v.* Jack, 3 Yerger, 403 ; Fields *v.* Hunter, 8 Mis. 128 ; Salle *v.* Light's Ex'rs, 4 Ala. 700 ; Graham *v.* Tankersly, 15 Ib. 634 ; Bond *v.* Ward, 1 Nott & McCord, 201. See, also, Hamilton *v.* Cutts, 4 Mass. 349 ; Cooper *v.* Watson, 10 Wend. 202 ; and Miner *v.* Clark, 15 Ib. 425. The weight of authority in this country seems to favor this conclusion. We regard it as much the best rule. It is a familiar principle of law, that a man shall not be bound by a judgment pronounced in a proceeding to which he is not a party, actually or constructively. He should be allowed to appear in the case and adduce evidence in support of his rights, before he is concluded by the judgment. If a warrantor has no notice of the action against his grantee, and no opportunity of showing therein that he transferred a good title, he cannot in any sense be considered a party to the action, and therefore ought not to be bound by any adjudication of the question of title. But if he has notice, he may become a party to the suit ; and it is his own fault, if his title is not fully presented and investigated. He then has an opportunity of sustaining the title he has warranted, and defeating a recovery by the plaintiff in ejectment. If he fails to do this successfully, he is concluded from afterwards asserting the superiority of that title, and compelled to refund the purchase-money with interest. By giving the warrantor notice, the defendant in ejectment may relieve himself from the burden of afterwards proving the validity of the title under which he is evicted. But if he neglects to give the notice, he must come prepared to prove on the trial of the action of covenant, that he was evicted by force of an adverse and superior title ; in other words, he must show that the warrantor, by appearing and defending the action of ejectment, could not have prevented a recovery. This rule imposes no hardship upon a party. The giving of notice subjects him to but little inconvenience. It by no means follows that a judgment in ejectment against a grantee is founded upon the invalidity of the title derived from the grantor. It may be obtained by collusion, by a failure of the defendant to make proof of the title under which he entered, or upon a conveyance from him, or under a tax title originating in his own default. There is no good reason for requiring a warrantor to show in

the first instance, that his covenant has not been broken. In this case, Sisk had no notice of the pendency of the action of ejectment; and the record of the proceedings had therein was only evidence of the eviction of Woodruff. It was incumbent on the latter to prove in addition, that the eviction was under title paramount.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*