N. J. AIKEN *vs.* LESSER FRANKLIN.

November 27, 1889.

**Covenant of Seisin, when not Implied.**—At common law, a covenant of seisin is not implied in a deed of real property by the use of the operative words "grant, bargain, sell, convey, and warrant."

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered by direction of *Start*, J., (acting for a judge of the 4th district.)

*S. M. Finch*, for appellant.

*R. B. Forrest*, for respondent.

COLLINS, J. In the complaint in this action, plaintiff, with some particularity as to details, alleged a breach of a covenant of seisin and right to convey, contained, as he contends, in a deed of certain real property in the state of Mississippi, which deed was executed and delivered by defendant, as grantor, unto plaintiff, as grantee; a copy thereof being made a part of the complaint. We are not advised by the complaint as to where the conveyance was executed and delivered, nor as to the existence of any statute in the state of Mississippi regulating the form of a deed, or bearing upon the subject of covenants, express or implied, therein. Defendant by his answer admitted the execution and delivery of the instrument, alleged a right to convey all of the title and interest in the premises thereby conveyed, and put in issue some of the details before referred to. A reply having been interposed, the case was brought to trial before the court, without a jury. Upon reading the pleadings, plaintiff's counsel purposely refused to offer any testimony, claiming that under the authorities the burden of proof was upon the defendant. The court thought otherwise, and dismissed the action. Its conclusion was right; but our affirmance is expressly put on the ground that there is no covenant of seisin in the deed. There is none by implication, and certainly none in express words. This question confronts us at the outset, but neither of the counsel have suggested whether we should construe the instrument, with respect to the ex-

istence of covenants, by the statute of the state in which plaintiff seeks his remedy, or by the laws of the state wherein is situated the subject-matter of the contract,—the land conveyed,—and which, in the absence of proof to the contrary, we assume to be the common law. *Hoyt* v. *McNeil*, 13 Minn. 362, (390.) The operative words in the deed now being considered, wherein must be found the covenant of seisin, if found at all, are "grant, bargain, sell, convey, and warrant," and from their use the appellant contends the covenant is implied. But, if his right to recover is to be determined by the law as it exists in this state, this position, if correct, is immaterial; for, by virtue of our statute, no covenants whatever are implied in conveyances of real estate. Gen. St. 1878, *c.* 40, § 6. Nor do these words import a covenant of seisin at common law, so that, if we pass upon the question upon the presumption that the rule in Mississippi should govern, the result is equally as disastrous to the appellant. In a leading case (*Frost* v. *Raymond*, 2 Caines, 188, 2 Am. Dec. 228) will be found an opinion by Chancellor Kent, in which, after a thorough examination of the authorities, he declares that a covenant of seisin cannot be implied at common law from the use of the words "grant, bargain, sell, alien, and confirm" in a deed of real property; expressly repudiating, as opposed to the entire stream of authorities, a statement to the contrary made by Lord Eldon in the case of *Browning* v. *Wright*, 2 Bos. & P. 13, 21, cited by appellant. The words construed by the illustrious chancellor, above quoted, are in part the same—and, as to the balance, of the same significance—as those used in this respondent's deed, and on which appellant relies.

It being unnecessary for a decision, we do not express an opinion as to. where the burden of proof may be in actions of this character, but call attention to the fact that the New York cases cited by appellant have been overruled in *Woolley* v. *Newcombe*, 87 N. Y. 605. See, also, Rawle, Cov. (5th Ed.) § 64, note. Nor have we considered other interesting questions suggested by the pleadings herein, but not discussed by counsel.

Judgment affirmed.