FRED R. FULTON and another *vs*. TOWN OF RIVERTON.

January 23, 1890.

**Municipal Bonds—Conditions Precedent to Issue—Recitals.**—Where, by legislative enactment, authority has been given to a municipality, or to its officers, to issue bonds for a proper purpose, but only on some condition precedent, such as the presentation of a petition bearing the signatures of two-thirds of the legal voters of said municipality, and where it is obvious from the enactment that the officers of the municipality have been invested with power to decide whether that condition has been complied with, their recital and certificate in the bonds issued by them and held by a *bona fide* purchaser, is conclusive of the fact, and binding upon the municipality.

Action brought in the district court for Clay county to recover $150 on interest coupons of bonds issued by defendant for drainage purposes.   Defence that the petition for the issue of the bonds was not signed by the requisite number of legal voters.   The action was tried by *Mills*, J., who found that the plaintiffs were *bona fide* purchasers for value and ordered judgment in their favor.   A new trial was refused, and the defendant appealed.

*W. B. Douglas,* for appellant.

*P. J. McLaughlin* and *R. E. Noyes,* for respondents.

COLLINS, J. 1. Upon appellant's first assignment of error, we need but to say that the court below found as a fact that the defendant township made, executed, and *delivered* the bonds with the attached interest coupons herein involved, and such finding is conclusive here, in the absence of the testimony offered and received upon the trial.

2. The second assignment raises the question as to whether these bonds and coupons are valid in the hands of innocent and *bona fide* purchasers for value, as against the defendant. This question must be answered in the affirmative, and was practically settled in *Harrington* v. *Town of Plainview,* 27 Minn. 224, (6 N. W. Rep. 777;) *Town of Plainview* v. *Winona & St. Peter R. Co.,* 36 Minn. 505, 512, (32 N. W. Rep. 745.) The authority and power of the township supervisors to execute and deliver these bonds by virtue of the provisions of Sp. Laws 1883, c. 135, § 1, (amended by Sp. Laws, 1885, c. 111, so as to include the county of Clay,) had they been presented with a petition bearing the signatures of two-thirds of the legal voters of the defendant township, stands undisputed. The claim is that in respect to the petition the statute was not complied with; that the one actually presented, and upon which the town authorities proceeded, did not bear the requisite number of signatures; and that this irregularity or defect vitiates the bonds and coupons, wherever they may be found. It is obvious that by the legislative act referred to the township supervisors were created a tribunal to examine and determine whether or not the requisite two-thirds in number of the legal voters had affixed their signatures to the petition. It was their duty to ascertain and decide as to this condition precedent to a proper exercise of their authority to issue the bonds. The last register poll-list was made *prima facie* evidence of the total number of voters in the township; but the fact itself might be ascertained otherwise. The board of supervisors did decide this question, and thereupon issued the bonds. In each was a statement that it was issued in pursuance of the special act before cited, coupled with a recital and certificate that "all acts, conditions, and things required to be done precedent to and in the issuing of said bond have been properly done,

happened, and performed, in regular and due form, as required by law." This recital and certificate was a declaration of the decision made by a body or tribunal invested with power to pass upon the existence of the facts therein stated, and was conclusive in a suit brought against the township by a *bona fide* holder of the bonds. In the supreme court of the United States it has been repeatedly announced that when legislative authority has been conferred upon a municipality to issue bonds, for a proper purpose, on the happening of some preceding contingency of fact or condition, and when, from the legislative enactment, it was apparent that the officers or persons designated to execute the bonds were also invested with power to decide whether the contingency had happened, or whether the fact existed which was a condition precedent to the issuance, their decision was final in an action brought against the municipality by an innocent, *bona fide* purchaser of the bonds; and that a recital in the bonds that the requirements of the legislative act had been complied with was conclusive. Among the many cases on these points may be named: *Com'rs of Knox County* v. *Aspinwall*, 21 How. 539; *Gelpcke* v. *City of Dubuque*, 1 Wall. 175; *Lynde* v. *County*, 16 Wall. 6; *Town of Coloma* v. *Eaves*, 92 U. S. 484; *Marcy* v. *Township of Oswego*, Id. 637; *Humboldt Township* v. *Long*, Id. 642; *Northern Bank of Toledo* v. *Porter Township*, 110 U. S. 608, (4 Sup. Ct. Rep. 254;) *New Providence* v. *Halsey*, 117 U. S. 336, (6 Sup. Ct. Rep. 764.) In some of the state courts a different and directly contrary doctrine prevails. In others, the views above set forth, and in which we concur, have been adopted. *Society for Savings* v. *City of New London*, 29 Conn. 174; *State* v. *Commissioners*, 39 Kan. 657, (19 Pac. Rep. 925;) *Kerr* v. *City of Corry*, 105 Pa. St. 282; *Jefferson Co.* v. *Lewis*, 20 Fla. 980; *State* v. *City Council of Montgomery*, 74 Ala. 226; *Evansville, etc., R. Co.* v. *City of Evansville*, 15 Ind. 395; *Norment* v. *City of Charlotte*, 85 N. C. 387.

Order affirmed.