## BAUMGARTEN v. CHIPMAN et al.

No. 1699.   Decided July 12, 1906 (86 Pac. 411).

1. COVENANTS—WARRANTY OF TITLE—ACTION AGAINST GRANTEE—NO-TICE TO WARRANTOR.—Where a grantor of land is notified of the pendency of an action against the grantee to recover a tract of land, the description of which did not include any part of the land conveyed by the grantor to the grantee, but received no notice of a subsequent amendment of the complaint, whereby a small portion of the land conveyed was included in the action, the grantor had no notice of the pendency of any action affecting the title to land conveyed by him and was not bound by the judgment.

2. SAME—EVICTION BY PARAMOUNT TITLE—EVIDENCE.—In an action for breach of a covenant of warranty, mere proof of eviction in a suit in which the warrantor was not a party is no evidence that the eviction was by a paramount title.

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Action by Joseph Baumgarten against James Chipman and another. From a judgment for defendants, plaintiff appeals.

AFFIRMED.

*S. H. Lewis* for appellant.

*Sutherland, Van Cott & Allison* for respondents.

#### APPELLANT'S POINTS.

"If a party has knowledge of such facts as would lead a fair and prudent man to use ordinary caution to make further inquiry, and he avoids the inquiry, he is chargeable with notice of the facts which by ordinary diligence he would have ascertained. He has no right to shut his eyes against the light that is before him." (*Simmons v. Doran,* 142 U. S. 441; *Knapp v. Bailey,* 1 Am. St. Rep. 295 [79 Me.] and cases cited; 1 Amer. & Eng. Ency. Law [2 Ed.], 604; *Toland v. Corey,* 6 Utah, 393; *Chicago v. Robbins,* 67 U. S. 418; *Carpenter v. Pier,* 30 Vt. 87; *Morris v. Rowan,* 17 N. J. L. 309; *Claycombe v. Munger,* 51 Ill. 273; *Harding v. Larkin,* 41 Ill. 423; *Greenlaw v. Williams,* 70 Tenn. 536; [2 Lea]; *Chamberlain v. Preble,* 11 Allen 374.)

*No formal notice* is necessary, provided he knew of the case and had an opportunity to defend. (*Prescott v. Le Conte,* 82 N. Y. Supp. 414; *Browning v. Stilwell,* 86 N. Y. Supp. 708.)

#### RESPONDENT'S POINTS.

Where notice of the bringing of an action involving the title to land conveyed and warranted has been given to the warrantor, he is bound by the judgment subsequently rendered, and the judgment roll constitutes evidence of eviction by paramount title. But where no such notice has been given, and no opportunity afforded the warrantor to defend the action, such judgment roll is not even *prima facie* evidence of eviction under paramount title. In such case the warrantee

who brings an action upon a covenant of warranty has the burden upon him to establish, by proof outside of the record, that he has been evicted by paramount title.    8 Am. & Eng. Ency. of Law [2 Ed.], 207-8; Maupin on Marketable Title to Real Estate, p. 408; Rawle on Covenants for Title [5 Ed.], secs. 123, 125.)

BARTCH, C. J.

This action was instituted to recover $2,263 for a breach of a covenant of warranty contained in a conveyance of certain land situate in Salt Lake City, made by the defendants to the plaintiff; the plaintiff claiming a failure of title to a part of such land, as determined by an action wherein Stringfellow and others were plaintiffs, and Gray, Baumgarten, and others were defendants.    At the trial herein the court found the issues in favor of the defendants and entered a decree accordingly.

The most important assignment of error is the one relating to the third finding of fact, where the court found "that the defendants were never notified, by plaintiff or otherwise, of the commencement or the pendency of said, or any, action involving the title, ownership, or possession of any portion of the above-described premises; nor were they ever notified by plaintiff or otherwise, or requested to defend the same." The appellant insists that this finding was contrary to the evidence, because as is urged, the proof shows that the defendants were not only notified by the plaintiff of the commencement and pendency of the action which involved the title, owership, and possession of the premises, and by the judgment in which, as is claimed by the appellant, the plaintiff was evicted from a portion of the land, but also that the defendants were notified by the plaintiff to defend the action. We are of the opinion that this contention is not well founded. It appears that, after service had been made in the Stringfellow suit, Baumgarten delivered the papers to the defendant, James Chipman, and requested him to defend the action. Chipman stated to him that he wanted to submit them to his attorneys.    Whether he did so does not expressly appear,

but in a day or two he handed them back to Baumgarten, with the statement that he "would have nothing to do with it." The plaintiff in the Stringfellow suit alleged that Gray and Baumgarten had encroached upon a strip of land ten and one-half inches in width adjoining the tract conveyed ·by Chipman on the north, and that they were building and threatening to build a permanent brick wall thereon, against the plaintiff's will. The prayer was that Gray and Baumgarten be enjoined from continuing such encroachment. The plaintiff's land was described in the complaint as follows: "Beginning at a point on the east line of lot 6, block 69, plat A, Salt Lake City survey, at a point sixteen inches north of the southeast corner of said lot 6, and running thence west eight rods; thence north sixteen feet and nine inches; thence east eight rods; thence south sixteen feet nine inches, to place of beginning." The land conveyed by Chipman to Baumgarten is described in the deed as follows: "Commencing at a point sixteen inches north from the southeast corner of lot 6; thence running west nine rods; thence south sixteen inches; thence west one rod; thence south eighteen feet and four inches; thence east ten rods; thence north nineteen feet and eight inches, to beginning." A comparison, as will be noticed, of these two descriptions, shows that each commences at the same point and establishes identically the same dividing line, so that the description in the complaint, as it then appeared, showed clearly that none of the land conveyed by the deed could be affected by any judgment which might be rendered in accordance with that complaint, and therefore it was not incumbent upon the warrantor to defend that action as it was then pending. As matters then stood, Baumgarten could have suffered judgment by default, or have filed a disclaimer, without fear of eviction from any part of the land conveyed to him. When, afterwards, the complaint was amended so as to cover a small strip of land covered by the description in the deed, the warrantor received no notice whatever thereof. This is admitted by the warrantor himself. Under such facts in evidence the warrantee cannot be heard to complain of the finding of the court that the warrantor never had notice of the

commencement or pendency of any suit involving the title or possession of any portion of the land conveyed. The evidence is ample to support the finding, and this court cannot disturb it.

Nor, under the facts and circumstances disclosed by the record, do we think the judgment roll in the Stringfellow case constituted sufficient evidence of eviction by paramount title. In such case, where no notice of the commencement or pendency of the action has been given to the warrantor, the warrantee, who brings an action for breach of covenant of warranty, must show by proof dehors the record of eviction that he has been evicted by paramount title. Although notice of the pendency of an adverse suit is not indispensable to a recovery in an action on the covenant, yet, as settled by the weight of authority.

"If no notice has been given, the record of such adverse suit is not even *prima facie* evidence that the title was a paramount one, though it may under some circumstances be evidence of eviction." (Rawle on Covenants for Title, sections 125, 123-124; 8 Am. & Eng. Ency. Law (2d Ed.), 207, 208; Maupin on Marketable Title to Real Estate, 405-408.)

In the case at bar, as we have thus seen, there was no proof of notice to the warrantor of the Stringfellow suit, and no evidence to show an eviction by paramount title, and the court, therefore, correctly held that the warrantee was not entitled to recover. We find no error in the action of the court.

The judgment is affirmed, with costs.

McCARTY, and STRAUP. JJ., concur.