(May 11, 1916.)

## COUNCIL IMPROVEMENT COMPANY, LIMITED, a Corporation, Respondent, v. PACIFIC & IDAHO NORTHERN LAND AND IMPROVEMENT COMPANY, LIMITED, a Corporation, Appellant.

[157 Pac. 258.]

COVENANT OF WARRANTY — NOTICE TO WARRANTOR OF PENDENCY OF ACTION ATTACKING TITLE.

1. Where the grantor in a warranty deed was not called upon to defend the title warranted, nor notified of the pendency of the action wherein it was attacked, a judgment awarded against the grantee is not *prima facie* evidence, in an action upon the warranty, that the title conveyed and warranted was not paramount.

[As to when ordinary covenant of seisin or of right to convey is broken, if broken at all, see note in **Ann. Cas. 1913B, 1184.**]

APPEAL from the District Court of the Seventh Judicial District for Adams County.   Hon. Ed. L. Bryan, Judge.

Action for damages for breach of warranty.   Judgment for plaintiff.   *Reversed.*

Harris & Smith and Lot L. Feltham, for Appellant.

In this case there was no proof offered of notice to the defendant of any action against or ouster of the plaintiff from the possession of the described premises alleged to have been purchased from the defendant by F. E. Brown, trustee. Therefore defendant was given no opportunity to appear and defend the title to said premises in said action, and was not bound by the judgment of ouster. (*Webb v. Alexander,* 7 Wend. 281; 2 Devlin on Deeds, 3d ed., sec. 937, p. 1751; *McCrillis v. Thomas,* 110 Mo. App. 699, 85 S. W. 673; *Baumgarten v. Chipman,* 30 Utah, 466, 86 Pac. 411; *Wallace v.*

As to effect of judgment against one as *prima facie* evidence of amount of damages against another, liable over, who had no notice of original suit, see note in **16 L. R. A., N. S., 910.**

*Pereles,* 109 Wis. 316, 83 Am. St. 898, 85 N. W. 371, 53 L. R. A. 644.)

"Where a grantee has surrendered possession to one claiming adversely, he must show that the title of such person is paramount to that of his grantor." (*Snyder v. Jennings,* 15 Neb. 372, 19 N. W. 501; *Dalton v. Bowker,* 8 Nev. 190; *Richmond v. Ames,* 164 Mass. 467, 41 N. E. 671; *Cobb v. Klosterman,* 58 Or. 211, 114 Pac. 96.)

Freehafer & Stinson, for Respondent.

"Where the grantor is not notified, he is not precluded from proving, in the action on the covenant, a good title in himself at the time of making the warranty." (*Pitkin v. Leavitt,* 13 Vt. 379; *Miner v. Clark,* 15 Wend. (N. Y.) 425, 427; *Collingwood v. Irwin,* 3 Watts (Pa.), 306, 310; *Paul v. Witman,* 3 Watts & S. (Pa.) 407; *Menasha Woodenware Co. v. Nelson,* 45 Wash. 543, 88 Pac. 1018; *Pearse v. Templeton,* 3 N. C. (2 Hayw.) 379.)

Grantee needs only to prove a paramount and outstanding title at the time of the warranty as against the grantor, and when having so proved such outstanding title, the grantor is required to set up in answer and prove that by appearing and defending the title in such ejectment suit, he could have prevented a recovery. (*Sterling v. Fusilier,* 7 Mart. (O. S.) (La.) 442; *Johnston v. Bell,* 6 Mart. (N. S.) (La.) 384; *Mayer's Heirs v. Neraut's Admr.,* 12 La. 30; *Rivas v. Hunstock,* 2 Rob. (La.) 187; *Kelly v. Wiseman,* 14 La. Ann. 661; *Walton v. Cox,* 67 Ind. 164; *Collingwood v. Irwin, supra; Groesbeck v. Harris,* 82 Tex. 411, 19 S. W. 850.)

MORGAN, J.—This action grew out of the sale and conveyance, by warranty deed, of certain land by appellant to one Frank E. Brown, trustee, who thereafter conveyed it to respondent. The land in question is that which formed the subject of the action of *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7, where a statement of many of the facts material to this case is to be found. The additional facts necessary to an understanding of the question of law

hereinafter discussed are that appellant was not notified of the pendency of the action above mentioned, nor was demand made upon it to defend the title it had warranted. After judgment on *remittitur* from this court had been filed in that case reinstating the judgment theretofore entered and awarding the land to Draper, respondent commenced this action against appellant to recover damages for breach of warranty of the title. At the close of the evidence introduced on behalf of respondent appellant moved the court to advise the jury to return a verdict in its favor, which motion was overruled, whereupon both parties rested and the jury returned a verdict in respondent's favor in the sum of $11,200, and a judgment was thereupon entered against appellant for that amount and costs. This appeal is from the judgment.

The conveyance and warranty of title by appellant to Brown, trustee, and by him to respondent, was admitted in the answer. The evidence introduced in support of the allegations of the complaint consisted of an abstract of title showing patent to the land in question from the United States to William Loveless for the heirs of Zadock Loveless, deceased; a deed purporting to convey it from Andrew Adams, administrator of the estate of Zadock Loveless, deceased, to Edwin B. Lockwood; mesne conveyances whereby it was attempted to be transferred to appellant and, through it, to respondent, and the judgment in case of *Council Improvement Company v. Draper.* The judgment upon *remittitur* from this court was introduced and certain testimony was submitted showing the value of the land at the time respondent was dispossessed, but no evidence was offered, other than the judgments above mentioned, tending to show that Draper owned the paramount title.

This court decided in case of *Council Improvement Company v. Draper, supra,* that the deed from Adams, administrator, to Lockwood conveyed no title, but appellant contends that it had a good title by prescription which was stipulated away in that action, and that had it been called upon and given an opportunity to do so, it would have been able to show, and would have shown, in that case that the title it

conveyed and warranted was paramount. Respondent contends that the judgment rendered therein was competent to show the fact of ejectment, and was *prima facie* evidence of paramount title in Draper.

The principal question here presented, and one which seems to us to be decisive of this appeal, is: Does the judgment in the case of *Council Improvement Company v. Draper*, in view of the fact that appellant was neither called upon to defend the title nor notified of the pendency of the action, constitute *prima facie* evidence in this case of the invalidity of the title warranted?

While considerable diversity of opinion may be found in the adjudicated cases upon this question, the weight of authority supports the rule stated in Devlin on Deeds, vol. 2, sec. 937, as follows:

"Of course, such a judgment cannot bind the covenantor. The only question that can arise is one of evidence. It has been asserted that, although the defendant might inquire into the merits of the judgment, yet it was *prima facie* evidence of the existence of a paramount title. But the most reasonable rule, and the one sustained by authorities, is that the judgment, where no notice has been given, and the covenantor is not a party to the suit, is not even *prima facie* evidence that the eviction was founded upon an adverse and paramount title." Quoting from *Sisk v. Woodruff*, 15 Ill. 15, the author further says: "It is a familiar principle of law, that a man shall not be bound by a judgment pronounced in a proceeding to which he is not a party, actually or constructively. He should be allowed to appear in the case and adduce evidence in support of his rights, before he is concluded by the judgment. If a warrantor has no notice of the action against his grantee, and no opportunity of showing therein that he transferred a good title, he cannot, in any sense, be considered a party to the action, and therefore ought not to be bound by an adjudication of the question of title. But, if he has notice, he may become a party to the suit, and it is his own fault if his title is not fully presented and investigated. He then has an opportunity of sustaining the title he has war-

ranted and defeating a recovery by the plaintiff in ejectment. If he fails to do this successfully, he is concluded from afterward asserting the superiority of that title, and compelled to refund the purchase money, with interest. By giving the warrantor notice, the defendant in ejectment may relieve himself from the burden of afterward proving the validity of the title under which he is evicted. But, if he neglects to give the notice, he must come prepared to prove, on the trial of the action of covenant, that he was evicted by force of an adverse and superior title; in other words, he must show that the warrantor, by appearing and defending the action of ejectment, could not have prevented a recovery." (See, also, *Prewit v. Kenton,* 3 Bibb (6 Ky.), 280; *Devour v. Johnson,* 3 Bibb (6 Ky.), 409; *Rhode v. Green,* 26 Ind. 83; *Osburn v. Pritchard,* 104 Ga. 145, 30 S. E. 656; *Dalton v. Bowker,* 8 Nev. 190; *Richstein v. Welch,* 197 Mass. 224, 83 N. E. 417; *Wallace v. Pereles,* 109 Wis. 316, 83 Am. St. 898, 85 N. W. 371, 53 L. R. A. 644; *Baumgarten v. Chipman,* 30 Utah, 466, 86 Pac. 411; *Walton v. Cox,* 67 Ind. 164; *Clements v. Collins,* 59 Ga. 124; *Ryerson v. Chapman,* 66 Me. 557.)

In view of this rule we conclude that the evidence was insufficient to sustain the verdict. The judgment of the trial court is reversed. Costs are awarded to appellant.

Sullivan, C. J., and Budge, J., concur.