(May 29, 1920.)

BLISS TOWNSITE COMPANY, a Corporation, Respondent, v. MORRIS-ROBERTS COMPANY, a Corporation, Appellant.

[190 Pac. 1028.]

DEEDS—DESCRIPTION—COVENANT OF SEIZIN—COVENANT OF WARRANTY —BREACH OF COVENANT.

1.   A deed to a tract of land contained the following exception: "Saving and excepting further such railroad right of way as was granted to Oregon Short Line Railway Company, its successors and assigns, by acts of Congress, said Oregon Short Line running through said conveyed lands with its main line." *Held*, that the exception did not refer to land adjacent to the right of way granted by act of Congress to the railroad company for station grounds.

2.   A covenant of seizin is not implied from the use of the words "grant, bargain, sell, convey and confirm" contained in a deed.

3.   Under C. S., section 5384, a covenant of seizin is not implied from the use of the word "grant" in a deed.

4.   A breach of a covenant of warranty does not occur until eviction from the land conveyed by one having paramount title.

5.   To constitute an eviction which will operate as a breach of covenant of warranty, the ouster need not be from the entire premises, but from part only of them.

6.   Failure to make a warrantor a party to an action against a warrantee by one seeking to establish a paramount title and right to possession of a tract of land does not release the warrantor from liability upon his covenant of warranty.

APPEAL from the District Court of the Fourth Judicial District of the State of Idaho, for Gooding County. Hon. Wm. A. Babcock, Judge.

Action to recover damages for breach of covenant in a deed. Judgment for plaintiff. *Affirmed.*

6.   Necessity of notice to covenantor of good title to defend eviction proceeding in order to conclude him in action on covenant, see note in 13 Ann. Cas. 203.

E. A. Walters and W. G. Bissell, for Appellant.

In the United States the covenant of seizin, and that of a good right to convey, are regarded as synonymous, the covenant of seizin being defined as an assurance by the grantor to the purchaser that such grantor has the very estate in quantity and quality which he purports to convey. (7 R. C. L., Covenants, sec. 45; *Wetzel v. Rich Creek,* 53 Ohio St. 62, 40 N. E. 1004; 2 Devlin on Deeds, 3d ed., sec. 885.)

When, therefore, the grantor has no title to a portion of the land which is described in the conveyance, and is not in possession, the covenant is broken when made, and so broken upon the execution of the deed. (11 Cyc. 1085; 2 Devlin on Deeds, 3d ed., sec. 889; *Messer v. Oestreich,* 52 Wis. 684, 10 N. W. 6; 7 R. C. L. 1186; *Egan v. Martin,* 71 Mo. App. 60; *Lawrence v. Montgomery,* 37 Cal. 183; *Salmon v. Vallejo,* 41 Cal. 481; *Bull v. Beiseker,* 16 N. D. 290, 113 N. W. 870, 14 L. R. A., N. S., 514.)

Defendants purchased said lands subject to the right of said railroad company, knowledge of which was imputed to them by act of Congress. (*Schurger v. Moorman,* 20 Ida. 97, Ann. Cas. 1912D, 1114, 117 Pac. 122, 36 L. R. A., N. S., 313; *Memmert v. McKeen,* 112 Pa. St. 315, 4 Atl. 542; *Sandum v. Johnson,* 122 Minn. 368, Ann. Cas. 1914D, 1007, 142 N. W. 878, 48 L. R. A., N. S., 619; *Goodman v. Heilig,* 157 N. C. 6, 72 S. E. 866, 36 L. R. A., N. S., 1004.)

A. F. James, for Respondent.

A covenant of warranty is broken at the time of eviction. (7 R. C. L. 1147, sec. 60; 15 C. J. 1282, sec. 137; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; notes, 122 Am. St. 852.)

A covenant of warranty is a covenant that runs with the land and inures to the benefit of remote grantees. (Notes, 82 Am. St. 686, 687; 15 C. J. 1248, sec. 64 (27); 7 R. C. L. 1172, sec. 90, and 1143, sec. 56.)

The term "right of way" does not include the terms "grounds adjacent to such right of way," sometimes designated "station grounds." The latter term is used in the act of Congress of March 3, 1875 (18 Stats. at Large, p. 482). (*Oregon Short Line R. Co. v. Stalker,* 14 Ida. 362, 371, 94 Pac. 56, 59; *Oregon Short Line R. Co. v. Gooding,* 6 Ida. 773, 59 Pac. 821.)

Knowledge of the existence of defects in the title cannot defeat the right to rely upon a positive covenant, neither can exceptions or reservations be shown by parol testimony to exist in a deed. (11 Cyc. 1066 (c); *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464; *West Coast Mfg. & Inv. Co. v. West Coast Improvement Co.,* 25 Wash. 627, 66 Pac. 97, 62 L. R. A. 763; 2 Devlin on Real Estate, p. 1690, sec. 897.)

RICE, J.—This is an action to recover damages for breach of a covenant in a deed by which appellant conveyed certain property to a predecessor in interest of respondent. The description in the deed of the land conveyed reads as follows:

"The East half of the Southeast quarter of Section six in Township six South of Range thirteen East of the Boise Meridian in Idaho;

"Saving, excepting and reserving, however, from this conveyance the schoolhouse and one acre of ground upon which it is situated. Saving and excepting further such railroad right of way as was granted to Oregon Short Line Railway Company, its successors and assigns, by acts of Congress, said Oregon Short Line running through said conveyed lands with its main line."

A controversy arose over a ten-acre tract adjacent to the right of way for station buildings, etc., granted to the railroad company by act of Congress, March 3, 1875, of which the railroad company recovered possession some time subsequent to the execution of the deed.

The appeal is from a judgment in favor of plaintiff.

The description in the deed is not ambiguous, and the exception and reservation therein contained clearly refers to the right of way and not to land for station grounds adjacent thereto.

Appellant's main contention is that the action is for breach of a covenant of seizin; that the breach occurred upon the delivery of deed, and that the action for damages is therefore barred by the statute of limitations. This contention is without merit. The deed itself contains no covenant of seizin. The complaint does not allege that there was a covenant of seizin in the deed; neither is a covenant of seizin implied from the words of conveyance, "grant, bargain, sell, convey and confirm," contained in the deed. (*Aiken v. Franklin,* 42 Minn. 91, 43 N. W. 839, 6 L. R. A. 360; *Frost v. Raymond,* 2 Caines (N. Y.), 188, 2 Am. Dec. 228.)

C. S., section 5384, makes provision for the covenants implied by the word "grant" in a deed, but the covenant of seizin is not provided for therein. The deed, however, contained the following:

"To Have and to Hold, All and singular the above mentioned and described premises, together with the appurtenances, unto the parties of the second part and to their heirs and assigns, against the said party of the first part, and its successors and assigns, and against all and every person and persons whomsoever, lawfully claiming or to claim the same shall and will warrant and by these presents forever defend."

While the foregoing is defective, we think it amounts to a general covenant of warranty. As such it runs with the land and was not breached until eviction under a paramount title. The complaint sufficiently alleges a breach of covenant of warranty as to the ten acres in question. "To constitute an eviction which will operate as a breach of covenant of warranty, the ouster need not be from the entire premises, but from part only of them." (7 R. C. L., p. 1155, sec. 69.)

Appellant contends, however, that he was a necessary party to the full determination of the action wherein the Oregon Short Line Railroad Company established its title and right to possession of the ten acres in controversy, and therefore, under the provisions of the statutes of the state of Idaho for the purpose of avoiding a multiplicity of suits, the action against it is barred.

Failure to notify a warrantor of the pendency of an action against a warrantee by one seeking to establish a paramount title and right to possession of a tract of land, or failure to make a warrantor a party in such action, does not release him from liability upon his covenant of warranty. The only question that can be raised on account of such failure relates to the right of the warrantee to offer the judgment in that action in evidence in an action against the warrantor for breach of his covenant of warranty. (*Council Imp. Co. v. Pacific & Idaho etc. Co.*, 29 Ida. 113, 157 Pac. 258; *Andrews v. Denison*, 16 N. H. 469, 43 Am. Dec. 565, and note.) In this case the paramount title of the Oregon Short Line Railroad Company to the ten acres above mentioned was admitted, and the only issue with reference to it raised by the pleadings was as to eviction of respondent by the railroad company.

The evidence introduced at the trial was sufficient to sustain the findings of the court and the judgment entered thereon.

The judgment is affirmed, with costs to respondent.

Morgan, C. J., and Budge, J., concur.