## C. H. CALLAWAY v. HARRY O. SEATON.[1]

June 29, 1923.

No. 23,494.

**Judgment on the pleadings not warranted by allegations concerning assignment of land contract to plaintiff.**

Plaintiff and defendant traded real estate, and, as a part of the trade, defendant agreed to assign a certain vendor's contract of land in Montana upon which $1,792 was unpaid. Defendant did so assign such contract. Thereafter plaintiff brought this action to recover the sum of $1,792, alleging that the vendor in the contract had never assigned the same to defendant, and that, therefore, defendant had breached his covenant of good right and lawful authority to sell and assign the vendor's contract. It is *held*:

[1]Reported in 194 N. W. 622.

(1) The averments in the answer that the assignment of the vendor's contract to defendant had been purloined by the assignor after its execution and before it could be recorded, cannot be considered as an admission that defendant had not acquired title to the contract.

(2) The answer put in issue the allegations of the complaint that defendant had not a proper assignment of the vendor's contract when he assigned the same to plaintiff, hence it was error to grant the motion for judgment on the pleadings.

Action in the district court for Hennepin county to recover $1,792 and interest. Plaintiff's motion for judgment on the pleadings was granted by Nye, J. From the judgment entered pursuant to the order, defendant appealed. Reversed.

*A. X. Schall, Jr.,* for appellant.

*John O. Loeffler,* for respondent.

HOLT, J.

The appeal is by defendant from a judgment on the pleadings. On December 11, 1918, plaintiff and defendant entered a contract for the exchange of properties. The complaint alleges full performance, save as to one item, and, for defendant's failure to perform as to that, judgment was asked. The provision of the exchange contract in respect thereto is this: "And the party of the first part [defendant] further agrees to properly assign and guarantee to the party of the second part [plaintiff] one certain contract for deed, made on the 14th day of November, A. D. 1918, by and between R. J. Woods, as grantor, and Arthur Z. Lewis, as grantee, the contract conveying the W ½ and the N E ¼ of section 13, township 10, north of range 31, east of Montana Meridian, except railroad right of way thereon, said contract having payable thereon the sum of $1,792.00 payable on or before December 1, 1923." It appears from the complaint that defendant purported to assign this contract by an instrument duly executed and acknowledged by him on February 3, 1919, which instrument is attached to and made a part of the complaint as Exhibit B. The answer alleges that this assignment was accepted by plaintiff as full performance of the exchange contract. For the purpose of a motion for judgment on the pleadings this allegation

must be taken as true, and the judgment must then be predicated either upon the fraud pleaded or upon a breach of some covenant in this assignment. We need not consider the charges of fraud and misrepresentations contained in the complaint, for, in the oral argument, plaintiff's counsel conceded the denials in the answer put plaintiff to his proof as to a recovery on the ground of fraud or deceit.

The allegations of the complaint relevant to a breach of the covenants of the assignment are: "That the said R. J. Woods in fact never sold, assigned and transferred said contract for deed, or any of his right, title, interest or estate in or to the property therein specified to the defendant herein." Then follow allegations to the effect that, when plaintiff discovered that he had not acquired any interest in the property referred to by the assignment, he demanded the sum of $1,792, which sum defendant promised and agreed to pay to plaintiff, but which instead of so doing defendant has since pleaded for time and has tried to prevail on plaintiff to accept equities in other property in settlement of the indebtedness.

The answer admits the execution of the assignment, avers that there has been no default, and alleges that defendant has made offers of settlement in good faith; that plaintiff has not tendered a reassignment of the contract; that when the same was assigned by defendant it was in good standing; that defendant is informed and believes that said Woods, wrongfully assuming to own said contract, has assigned certain interests therein to other parties, which assignments have been recorded; that plaintiff wholly neglected to protect his interests by recording his assignment; that the assignment of the contract from Woods to defendant has not been recorded for the reason that the same was by Woods taken surreptitiously from defendant's safe, as defendant is informed and believes, for the purpose of defrauding defendant and putting him to loss and damage, and that this was done in pursuance of an understanding and agreement between said Woods and plaintiff to that end.

The pleadings seem to assume that Woods was the owner of the Montana land which he had contracted to sell to Lewis. And the complaint does not allege that Woods had sold or conveyed the same

or any interest therein. The allegation is merely that Woods never sold or transferred the Lewis contract or any of his right, title or interest in or to the land to defendant. The answer contains a general denial, in addition to the allegations above adverted to in respect to Wood's surreptitious taking of the assignment, by the connivance of plaintiff, from defendant's safe, and defendant's good faith efforts to settle plaintiff's claim. A larceny of the written instrument could not affect the rights of the parties thereto to the property thereby transferred or vested. Barkey v. Johnson, 90 Minn. 33, 95 N. W. 583; Green v. Hays, 120 Minn. 201, 139 N. W. 139; Robbins v. Hobart, 133 Minn. 49, 157 N. W. 908. True, defendant avers that subsequently Woods transferred to others certain interests in the land, but there are no allegations or admissions that the parties who obtained the transfers were innocent good faith purchasers. If they were not, plaintiff's rights were not jeopardized. Neither may it be held that the allegation of a good faith offer to settle or compromise with plaintiff, is an admission that plaintiff's claim is a just and valid claim so as to authorize judgment on the pleadings, and we do not understand counsel to so contend.

Plaintiff grounds his right to judgment upon breach of the covenants of the good right to convey and of seisin. It is settled law that such covenants are in praesenti and are broken immediately, if. at all; that they are broken if the covenantor has not the right of possession and complete legal title. Burke v. Beveridge, 15 Minn. 160 (205) Kimball v. Bryant, 25 Minn. 496; Ogden v. Ball, 40 Minn. 94, 41 N. W. 453; Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Resser v. Carney, 42 Minn. 397, 54 N. W. 89. The trouble is that in neither the contract for exchange nor in the assignment are there any covenants in respect to the right to convey title or possession or to the effect that defendant held either the legal title or the right of possession.

In the granting clause of the assignment defendant does "sell, assign, transfer, and set over unto the said party of the second part, his heirs, executors, administrators and assigns, a certain contract for a deed, bearing date the 14th day of November, A. D. 1918, made by R. J. Woods to Arthur Z. Lewis * * * with all and singu-

lar the premises therein mentioned and described." From the use of such operative words as "grant, bargain, sell, convey and warrant" a covenant of seisin is not implied at common law, Aiken v. Franklin, 42 Minn. 91, 43 N. W. 839, 6 L. R. A. 360; and no covenant of seisin is implied under our statute, since the words "convey and warrant" are not used in the instruments. G. S. 1913, §§ 6828, 6829. We find after the description the recital: "The intention being to convey 472 acres of land;" but a recital of an intention cannot be the equivalent of a covenant under the sections of the statutes referred to. The only words to be construed as covenants in the assignment are these: "And he [defendant] covenants with the said party of the second part that there remains unpaid the sum of $1,792.00 of the purchase price of said property due and payable as follows, to-wit: On or before December 1st, 1923, and that he had good right and lawful authority to sell and assign said contract in manner aforesaid." Nowhere in the complaint is there an allegation that the sum mentioned as unpaid on the Woods contract was not correct or that it would not fall due as above stated.

Whether defendant had good right and lawful authority to sell and assign the contract, as he did, depended altogether upon the fact of there having been a previous like assignment to him by Woods. Plaintiff tendered that issue, and, it seems to us that, as against a motion for judgment, defendant fully met the same by the answer. For, after alleging that the negotiations for the assignment of the contract from Woods were made in the presence of plaintiff, the answer continues: "That in pursuance of the foregoing agreement and understanding and with the full knowledge and consent of plaintiff the said Woods by instrument in writing duly assigned the said contract by him proffered as aforesaid, being the contract mentioned in the complaint as running from said Woods as vendor to Arthur Z. Lewis as vendee, to this defendant, and this defendant thereupon duly assigned the same to plaintiff as shown by said Exhibit B." If these allegations be true, there can be no claim of a breach of the covenant of good right to assign, provided defendant's assignor Woods had good title, and that is virtually conceded in the complaint. What thereafter occurred either be-

cause of neglect to record the instruments or through Woods wrongfully repossessing himself of the assignment delivered to defendant and transferring some interest in the land to others, even if of any bearing whatever, appears too vaguely or equivocally in the pleadings to justify a holding that the right and title defendant obtained from Woods either failed or was in any manner affected thereby.

There should not have been judgment on the pleadings.

The judgment is reversed.