Walter ETHEN, et al., Appellants,

v.

REED MASONRY, INC., Respondent.

No. 50571.

Supreme Court of Minnesota.

Dec. 11, 1981.

Anderson, Drahos & Keyes, Bemidji, for appellants.

Cann, Schmidt, Weddel & Haskell, Bemidji, for respondent.

SCOTT, Justice.

This is an appeal from a judgment of the Beltrami County District Court in favor of respondent Reed Masonry, Inc. We reverse.

On October 7, 1976, respondent conveyed to appellants Walter and Joyce Ethen a lot in Bemidji, Minnesota, upon which a new house had been built. The record reflects that the sale price was $44,000, and that the

house was built upon the property by respondent at the time it owned the subject real estate.

Prior to the sale Fred Lahman, of Lahman Well Drillers, was hired by respondent to place a water well on the property and, in accordance with respondent's instructions, the well was drilled. Some time after the sale appellants discovered that, according to a survey conducted by Kerick Surveying, the well had been placed 1.4 feet onto the property of the adjoining landowner.

Appellants brought this action to recover $1,683 in damages from respondent, representing the cost of removing the equipment and drilling a new well ($683), and the cost of sealing the old well to prevent ground water pollution ($1,000). Appellants claim that the warranty deed provided by the respondent warranted title to the property and its appurtenances and that respondent's failure to locate the well on the transferred property constituted a breach of that warranty.

In its answer to the complaint, respondent suggested that throughout the 2½ years from the date of conveyance to the time of trial appellants had full use of the well and the water from it. There was no evidence of any interference by the adjoining landowner with appellants' use or maintenance of the well, nor was there any evidence that the adjoining landowner at any time claimed that the well encroached upon his property or that appellants' use constituted a trespass. Respondent also contends that there was no express or implied warranty by it that the well was located on the subject lot, and that appellants failed to prove any breach of covenants by respondent.

The district court found that the well was in fact constructed on 16 inches of adjacent property neither owned by respondent nor conveyed to appellants. In dismissing appellants' complaint, the district court distinguished the cases upon which appellants relied and concluded, citing *Potter v. Hill*, 43 N.J.Super. 361, 128 A.2d 705 (1957), that the word "appurtenance" in a covenant of a warranty did not encompass a well located on adjoining property. The court then noted that an additional problem was the complete lack of evidence of any actual or constructive eviction of the plaintiffs from their use of the well by the adjoining landowners. In this regard, the court suggested that an actual or constructive eviction must have occurred to support a breach of covenant.

The issue, therefore, is whether the evidence is sufficient to support the finding of the district court that no breach of express or implied warranty or covenant occurred.

By warranty deed, the seller conveyed the property to the buyers "[t]ogether with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining." The traditional definition of appurtenance was expressed in *Pine v. Gilbraltar Savings Association*, 519 S.W.2d 238 (Tex.Civ.App.1974), as follows:

> Pertaining to real property, an appurtenance "means and includes all rights and interests in other property necessary for the full enjoyment of the property conveyed and which were used as necessary incidents thereto." An appurtenance is also defined as "everything necessary to the beneficial use of the property, * * * whatever is needed to complete a structure and make it capable of performing its intended function." 6 C.J.S. Appurtenance p. 136.

*Id.* at 241. In *Pine*, the court found water and sewer lines located off the subject property to be appurtenances, since the pipes were connected to the subject property and were necessary to the full use and enjoyment of the subject property.

The California Supreme Court reached a similar conclusion in *Trask v. Moore*, 24 Cal.2d 365, 149 P.2d 854 (1944), in holding that a water distribution system outside the property boundaries was an appurtenance of the lot: "By being so joined and essential to the function of the apparatus as a whole, the distributing system contained and combined in itself all of the elements and attributes of a fixture or appurtenance to real estate." *Id.* at 368, 149 P.2d at 856.

Although those cases arose in different settings, the same reasoning applies to

appellants' well and supports our conclusion that a well is an appurtenance. Appellants bought from the seller a new house with a complete water system. The seller directed that the well be drilled in anticipation of this sale. The well to which the plumbing of the house is connected is necessary for the full use of the property. We therefore hold that a well is an appurtenance which respondent purported to convey.

 The warranty deed by which respondent conveyed the property with its appurtenances contains full covenants of title including the covenant of seisin and the covenant of right to convey.[1] These covenants are breached if the covenantor does not have the right of possession and complete legal title to the property at the time of conveyance. *Callaway v. Seaton*, 156 Minn. 224, 227, 194 N.W. 622, 623 (1923). Both are breached, if at all, at the time of the execution of the deed. *Id.* Eviction is unnecessary to constitute a breach, *Lowry v. Hurd*, 7 Minn. 356 (Gil. 282, 284) (1862). The respondent, therefore, by purporting to convey the property with its appurtenances, when it did not possess the legal title to the entire property being conveyed including the appurtenances, breached the covenants of seisin and of right to convey.

This matter is reversed and remanded for the purpose of awarding appellants their resulting damages.

1. The language in the warranty deed provides that grantor conveys the property:

Together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to the said parties of the second part, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, Forever, the said parties of the second part taking as joint tenants and not as tenants in common.

And the said party of the first part, for itself and its successors, does covenant with the said parties of the second part, their assigns, the survivor of said parties and the heirs and assigns of the survivor that it is well seized in fee of the lands and premises aforesaid, and has good right to sell and convey the same in manner and form aforesaid, and that the same are free from all incumbrances, And the above bargained and granted lands and premises, in the quiet and peaceable possession of the said parties of the second part, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, against all persons lawfully claiming or to claim the whole or any part thereof, subject to incumbrances, if any, hereinbefore mentioned, the said party of the first part will Warrant and Defend.