**MILL POND TOWERS, INC.,**
**Appellant,**

v.

**STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES, et al.,**
**Respondents.**

**No. C7–87–49.**

Court of Appeals of Minnesota.

May 19, 1987.

Albert V. Rosenbower, Minneapolis, for Mill Pond Towers, Inc.

Hubert H. Humphrey, III, Atty. Gen., A.W. Clapp, III, Bruce A. Specktor, Sp. Asst. Attys. Gen., St. Paul, for State Dept. of Natural Resources.

Paul A. Weingarden, Minneapolis, for City of Hanover.

Katy Stesniak, Asst. Wright County Atty., Buffalo, for Wright County.

George R. Ramier, Minneapolis, for Gordon Zimmerman.

Considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY *, J., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a summary judgment declaring appellant the owner of the Hanover Dam. Appellant claims the trial court erred because (1) genuine issues of material fact exist regarding chain of title and (2) the dam is appurtenant to adjoining land previously conveyed. We affirm.

## FACTS

On April 12, 1985, the Commissioner of the Department of Natural Resources ordered the partially collapsed Hanover Dam on the Crow River removed by its owner. The Commissioner's order found the attorney general's office had determined appellant Mill Pond Towers, Inc. is the dam's owner. Appellant disputed its ownership and brought a declaratory judgment action. The contested case hearing on appeal of the Commissioner's order to remove the dam was continued indefinitely pending determination of ownership.

On February 2, 1972, appellant obtained title to:

The Southeast Quarter of the Southwest Quarter of Section 35, in Township 120, of Range 24, and also *the concrete dam* lying across the Crow River and all appurtenances thereof in said Village of Hanover in the Counties of Wright and Hennepin, State of Minnesota.

(Emphasis added). On April 17, 1978, appellant sold to Donald and Linda Varner by contract for deed, its Wright County property bordering the Crow River. The dam was not expressly included as part of the conveyance. On March 14, 1979, appellant forfeited to the State of Minnesota, for failure to pay 1972 real estate taxes, its Hennepin County property bordering the Crow River. The dam was not expressly included in the certificate of title issued pursuant to the forfeiture proceeding.

Respondent Department of Natural Resources' motion for summary judgment was granted by the trial court and appellant was declared owner of the Hanover Dam. The court rejected appellant's argument that the dam is appurtenant to adjoining property which it no longer owns. Instead, the trial court examined the conveying parties' intent.

* Acting as judge of the court of appeals by ap-

Rather, the question of whether the ownership of the dam passed with the conveyance to the Varners or the forfeiture to Hennepin County must be resolved by determining the intent of the parties to the conveyance. If the language of the instrument of conveyance is not ambiguous, the intent of the parties must be derived from the instrument itself, not from extrinsic facts. In this case, there is no ambiguity in any of the instruments. The record establishes that ownership of the dam was conveyed to [appellant] corporation by warranty deed on February 2, 1972. The subsequent conveyance and forfeiture make no mention of the dam. There is simply no evidence in the record which would suggest that ownership of the dam has changed since the 1972 conveyance to [appellant]. Indeed, [appellant] does not propose that any extrinsic evidence exists which would indicate that any of the parties intended that ownership of the dam should have been transferred as part of the conveyance or forfeiture of the adjoining properties.

(Citations omitted).

## ISSUE

Was summary judgment proper?

## ANALYSIS

■■ 1. Appellant claims chain of title demonstrates it is not the owner of the Hanover Dam and asserts that a prior recorded deed prohibited it from actually obtaining title to the dam in 1972. The issue of ownership of the dam prior to the 1972 conveyance was not raised before the trial court and therefore cannot be considered on appeal. *Morton v. Board of Commissioners*, 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974). New evidence not presented to the trial court will not be considered for the first time on appeal. *Dvoracek v. Lovely*, 366 N.W.2d 391, 394 (Minn.Ct.App. 1985).

2. Appellant claims it conveyed the dam to either the Varners or the State because the dam is appurtenant to the surrounding land. The trial court concluded:

[Appellant's] reasoning is flawed, however, because there is no basis for assuming that the dam must be an appurtenance to the adjoining property. The

pointment pursuant to Minn. Const. art. 6, § 2.

right to construct and maintain a dam in order to control the flowage of the river would be in the nature of a license or an easement which could be appurtenant to the ownership of the dam. However, the dam itself is not an easement appurtenant or a license; it is properly viewed as a structure that is in the nature of personalty or an improvement which would not simply pass by implication when the adjoining property is conveyed.

The Minnesota Supreme Court has stated: The traditional definition of appurtenance was expressed in *Pine v. Gibraltar Savings Association*, 519 S.W.2d 238 (Tex.Civ.App.1974), as follows:

> Pertaining to real property, an appurtenance "means and includes all rights and interests in other property necessary for the full enjoyment of the property conveyed and which were used as necessary incidents thereto." An appurtenance is also defined as "everything necessary to the beneficial use of the property, * * * whatever is needed to complete a structure and make it capable of performing its intended function." 6 C.J.S. Appurtenance p. 136.

*Id.* at 241.

*Ethen v. Reed Masonry, Inc.*, 313 N.W.2d 19, 20 (Minn.1981).

The partial collapse of the dam in 1984 resulted in the drainage of two upstream wetlands. The Commissioner ordered the dam's owner to construct a water level control structure to restore the wetlands. Appellant argues the wetlands were dependent on the dam for their existence, and therefore the dam was appurtenant to the surrounding land when conveyed.

While appurtenances generally involve incorporeal rights such as easements or licenses, corporeal units such as fixtures or improvements may also be appurtenant to real property. *See* 6 C.J.S. Appurtenance (1975). For example, the Minnesota Supreme Court has held a water well is an appurtenant fixture to residential property. *See Ethen*, 313 N.W.2d at 21.

▮▮▮ Here the record does not demonstrate the drained wetlands rest on property conveyed to appellant in 1972 and subsequently sold or forfeited. For a fixture to be appurtenant it must be essential to the beneficial use of the property that was conveyed. Appellant has failed to demonstrate this relationship.

## DECISION

The trial court did not err in granting summary judgment.

Affirmed.