' JAMES L. BURGESS *vs.* ABRAHAM BRAGAW.

Argued April 8, 1892. Decided May 5, 1892.

**Note Held an Accommodation Note.**—A note *held* to be, in effect, an accommodation note, and to have a consideration from the time of its transfer, pursuant to the intention with which it was made.

**Of two Innocent Persons, the Negligent One must Bear the Loss.**— Rule that where one of two innocent persons must suffer by the fraudulent act of a third, he by whose act the third person was enabled to perpetrate the fraud must bear the loss, applied.

Appeal by plaintiff, James L. Burgess, from an order of the District Court of Ramsey County, *Kerr*, J., made March 3, 1892, overruling his demurrer to the answer.

On May 7, 1887, William M. Bushnell, Alvin R. Bushnell, George E. Routh, E. E. Jackson, William Rhodes, and the plaintiff jointly purchased of Cornelius H. Murphy the north half of the northeast quarter of the southeast quarter of section ten (10) in Township twenty-nine (29) north, of Range twenty-three (23) west, in Ramsey county, and paid for it $10,400, and for convenience had it conveyed to Randall F. Hurd, who was a clerk of the Bushnells, and who executed and delivered to the six purchasers a contract to hold and convey the land for their benefit and as they should direct. This contract was sealed, but not witnessed, and was never recorded. Hurd, in violation of this contract, soon after fraudulently conveyed it by quitclaim deed and without consideration to the two Bushnells, and they fraudulently conveyed it with warranty on September 1, 1891, to Edwin Bucknell, another clerk of theirs, who paid no consideration for it, but agreed with the Bushnells to hold, convey, and mortgage it as they should direct, he knowing all the facts above stated. On September 2, 1891, Bucknell and wife made and delivered to the two Bushnells, without consideration, his note for $5,000, due in five years, with interest payable semiannually at the rate of seven per cent. a year, and fraudulently secured it by a mortgage to them on this land. He owed them nothing, but made the note and

mortgage at their request, to enable them to sell and assign it to raise money for their use. The deeds and the mortgage were all duly recorded. They sold and assigned the note and mortgage to the defendant, Abraham Bragaw, on September 10, 1891, who bought and paid $5,000 for them, without notice of any fact not disclosed by the record. He received the note and mortgage, and put his assignment on record. Hurd died intestate and insolvent. The two Bushnells and Bucknell are also all insolvent, and the land is now worth no more than the face of the mortgage.

The complaint stated these facts, and prayed that the mortgage and assignment, and the record thereof, be adjudged fraudulent and void as against plaintiff, and that he have such other and further relief as should be found appropriate and equitable. The defendant answered stating that the Hurd contract was never recorded; that he had no notice of it; that he bought and paid $5,000 for the note and mortgage in good faith, believing the security to be a valid first incumbrance on the land. He prayed judgment dismissing the action on the merits and for costs. The plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a defense. The trial court overruled the demurrer, saying:

It is settled as the law, in this state at least, that, as between the mortgagor and an assignee of the mortgage, the assignment does not affect the rights of the former as they exist between him and the mortgagee at the date of the assignment, or perhaps at the date of notice of it by the mortgagor.

But it is equally well settled, both upon principle and authority, that the equities thus preserved are those residing in the original obligor, and that such an assignee does not take the mortgage subject to the latent equities of a stranger to the record.

In this case the plaintiff is such a stranger; the *gravamen* of his plaint is, not that the mortgage was without consideration, which would perhaps be a defense equally available to the mortgagor, but that Hurd and the mortgagor and mortgagee conspired together to deprive the plaintiff of the benefit of a secret equity which he held in the land while the title was in Hurd, and its proceeds, if sold by the Bushnells.

It would be stretching the doctrine beyond any application of it yet made, so far as I can discover, to hold that in such a case the equities of the secret *cestui que trust* are superior to those of the *bona fide* assignee of the mortgage.

Aside from this, the course and conduct of the plaintiff, in my opinion, preclude the relief here sought. He reposed such confidence in Hurd and the Bushnells as to authorize them, the trust remaining secret, to dispose of the property as they might see fit. Clothed with this apparent authority, they manipulated it so as to secure from the defendant a large sum of money upon the strength of the title and right to convey and mortgage. To permit the plaintiff after this to assert his equities and enforce his secret trust, as against the defendant, would to my mind be manifestly inequitable.

If plaintiff has been deceived and injured, it is he alone who placed it in the power of Hurd and the Bushnells and Bucknells to perpetrate the fraud, and he should sustain the loss rather than the defendant.

There is no pretense here that every *indicia* of title and right was not in the parties through whom plaintiff claims, which fact distinguishes the case from some that have been cited by counsel.

*William G. White,* for appellant.

The plaintiff was an equitable owner of an interest in this real estate, and can maintain this action to remove a cloud from his title; this has been distinctly decided by this court. *Redin* v. *Branhan,* 43 Minn. 283; *Doe* v. *Doe,* 37 N. H. 268; *Kimberly* v. *Fox,* 27 Conn. 307; *Churchill* v. *Proctor,* 31 Minn. 129.

The mortgage in question, being entirely without consideration, was of no force against the plaintiff's rights while it was held by the Bushnells, and its assignment to defendant gave it no new life or vitality, and in no way changed or modified its character, so far as the plaintiff is concerned. *Johnson* v. *Carpenter,* 7 Minn. 176, (Gil. 120;) *Hostetter* v. *Alexander,* 22 Minn. 559; *Redin* v. *Branhan,* 43 Minn. 283; *Blumenthal* v. *Jassoy,* 29 Minn. 177; *Oster* v. *Mickley,* 35 Minn. 245; *Devlin* v. *Quigg,* 44 Minn. 534.

From all these cases it is very manifest that the doctrine insisted

upon by plaintiff has been fully recognized and applied in this state. The mortgage of the defendant is a mere chose in action. It was void as against the plaintiff in the hands of the Bushnells, and it is equally so in the hands of the defendant. It was never a mortgage at all, because there was no debt which it could secure, and if it was not at its inception, it certainly did not become one when it was assigned to defendant.

If the defendant claims that he is a *bona fide* purchaser of the mortgage, free from the equities of the plaintiff, he must allege in the answer the facts which show that he is such a purchaser. *Newton* v. *Newton*, 46 Minn. 33.

It was the duty of defendant to inquire of the mortgagor as to the character of the mortgage. Had he done so, it must be presumed that he would have discovered its true character. It is his negligence in this respect that will occasion his loss if the mortgage is held invalid. *Olds* v. *Cummings*, 31 Ill. 192; *Silverman* v. *Bullock*, 98 Ill. 20; *Norton* v. *Rose*, 2 Wash. (Va.) 233; *Crosby* v. *Tanner*, 40 Iowa, 136.

If Hurd was not estopped, then the plaintiff may also attack the mortgage. His rights are at least equal to those of Hurd. The elements of an equitable estoppel do not exist in this case against the plaintiff. *Nell* v. *Dayton*, 43 Minn. 245; *O'Mulcahy* v. *Holley*, 28 Minn. 31.

The rule that, when one of two innocent persons must suffer, the one whose act has caused the loss must bear it, has no application to this case so far as plaintiff's rights are concerned. If it applies at all, it is against the defendant, because his negligence in not inquiring of the mortgagor as to the true character of the mortgage has caused the loss in this case.

*Davis, Kellogg & Severance*, for respondent.

It must be admitted that this court has held that the assignee of a mortgage takes it subject to any defenses that the mortgagor might have in the hands of the original mortgagee. Although this is contrary to the great weight of authority, the decisions are not at all inconsistent with the position of the defendant in this case. It

should not be the policy of this court to extend this doctrine beyond the strict limits of these decisions. A *bona fide* assignee and purchaser does not take the mortgage subject to the secret equities of third parties. This is the doctrine of the authorities, and has been adopted as the law by this court. *Silverman* v. *Bullock*, 98 Ill. 11; *Newton* v. *Newton*, 46 Minn. 33; *Livingston* v. *Dean*, 2 John. Ch. 479; *Olds* v. *Cummings*, 31 Ill. 188; *Mott* v. *Clark*, 9 Pa. St. 399; *Crosby* v. *Tanner*, 40 Iowa, 136; *Bloomer* v. *Henderson*, 8 Mich. 395; *James* v. *Morey*, 2 Cow. 286; *O'Mulcahy* v. *Holley*, 28 Minn. 31.

Where one of two innocent parties must suffer from the fraud or misconduct of a third party, he who has reposed a trust and confidence in the fraudulent agent ought to bear the loss. *Hern* v. *Nichols*, 1 Salk. 289; *Griswold* v. *Haven*, 25 N. Y. 595; *Coleman* v. *Pearce*, 26 Minn. 123; *Pence* v. *Arbuckle*, 22 Minn. 417; *Moore* v. *Metropolitan Nat. Bank*, 55 N. Y. 41; *Voorhis* v. *Olmstead*, 66 N. Y. 113; *Lindauer* v. *Younglove*, 47 Minn. 62; *Palmer* v. *Bates*, 22 Minn. 532; *Judson* v. *Corcoran*, 17 How. 612; 2 Pom. Eq. Jur. 171.

GILFILLAN, C. J. The plaintiff claims an interest in the real estate through an unrecorded contract in writing, dated May 7, 1887, between one Hurd, the plaintiff, the two Bushnells, and others, by the terms of which the title to this real estate, purchased by the parties to it, was to be taken, for convenience, in the name of Hurd, who was to hold it in trust for the respective parties, and convey it, when sold by the Bushnells, the profits of the business to be divided between the parties. The title was taken in the name of Hurd. February 21, 1889, he conveyed to the Bushnells. September 1, 1891, they conveyed to one Bucknell. September 2, 1891, he executed to them his note and mortgage on the real estate for $5,000. September 26, 1891, the Bushnells sold and assigned the note and mortgage to the defendant. The several conveyances and the mortgage and the assignment of it were all duly recorded. The defendant's claim rests on the mortgage and assignment, and it is clear enough that under the registry laws it takes precedence of plaintiff's interest, resting on the unrecorded contract with Hurd and the others, if the defendant stand, in respect to the mortgage and its assign-

ment to him, in the position of a purchaser in good faith and for a valuable consideration. The allegation in the answer, that he paid the full amount of the mortgage without notice or knowledge of the unrecorded contract at the time he purchased, brings him within the protection of the statute. Without some notice to suggest the existence of such a contract, it was not his duty to make inquiry in respect to it of any one. In order to made it bad faith in one about to acquire an interest in real estate to do so without inquiring beyond the record, he must at least have notice from the record or otherwise of some fact which suggests an interest in some person other than as shown by the record.

But plaintiff claims, upon a ground not involving the operation of the registry law, that the mortgage and assignment are void, or that there is a defense against them that he can avail himself of. That law does not make valid a void instrument. It merely gives instruments preference for whatever they are worth, according to the dates of their records. A void instrument is no better because recorded.

The complaint alleges that each of the instruments hereinabove referred to, after the title vested in Hurd, was executed without any consideration, in violation of the trust agreement, and to enable the Bushnells to cheat the plaintiff out of his interest in the real estate and continues "that, in pursuance of said scheme and purpose, the said William M. Bushnell and Alvin R. Bushnell, on or about the 26th day of September, 1891, sold and assigned the said mortgage and the said note to the defendant, Abraham Bragaw, and caused the said assignment to be recorded," etc. The answer alleges, in respect to the assignment, that the defendant paid therefor the full sum of $5,-000, with accrued interest, in good faith, without any other notice of the character of the mortgage or consideration of the note and mortgage than as disclosed by the record. The plaintiff's argument is that the want of consideration for the note and mortgage constituted a defense as between the mortgagor and mortgagee; that under the decisions of this court holding that a mortgage, though given to secure a negotiable promissory note, is not entitled to any of the immunities peculiar to commercial paper, but is only a *chose in action*, subject to the disabilities incident to that species of property, the assignee took

the assignment subject to that defense, and that in this action the plaintiff may avail himself of it as a reason for asking that the mortgage be canceled. As a general rule, whatever is a defense as between the mortgagor and mortgagee will be a defense between the mortgagor and an assignee of the mortgagee. But how one not a party to the mortgage, nor claiming under a party, nor interested in the consideration, can make the want of consideration a basis for a claim, is not so clear. Passing that matter, however, was there a want of consideration such as to be a defense to the mortgagor in an action by the assignee to foreclose? From the allegations quoted from the complaint we infer that the note and mortgage were executed for the purpose of being sold and assigned; that the sale and assignment to defendant were in pursuance of the intention with which they were made.

It is true, no consideration was furnished by the payee in the note; probably none was received by the maker. But that is always the case where a note is made by an accommodation maker, as, in effect, this note was; not for the purpose of taking effect between the maker and payee, but of being negotiable. It is without consideration, and is inoperative between them. Indeed, the transaction is incomplete until the note is negotiated. When negotiated pursuant to the intention with which it is made, the consideration for it is furnished by the transferee, and the note takes effect according to the intention with which it is made. The note is then valid, not on any ground of estoppel, for its validity is not affected by the indorsee's knowledge that the payee furnished, and the maker received, no consideration. Although the principle is most frequently applied in the case of commercial paper, there is no reason why it should not apply equally to any other obligation executed for the purpose of raising money upon it, and which is actually transferred for that purpose.

The plaintiff also stands within the rule that, where one of two innocent persons must suffer from the fraudulent act of a third, he by whose act the third person was enabled to perpetrate the fraud must bear the loss. Had plaintiff and the other parties to the trust agreement recorded it, (and for the omission to do so he is

as much responsible as any one,) there would have been on the record notice that might have made it defendant's duty to inquire further into the nature of the transaction before purchasing the note and mortgage.

Order affirmed.

(Opinion published 52 N. W. Rep. 45.)