SUSAN E. BROOKS and Others v. FRED MOHL and Another.[1]

June 12, 1908.

Nos. 15,584—(37).

**Deed—Breach of Covenant.**

If, at the date of the execution of a warranty deed, a superior title is outstanding in a third person, the covenants of that deed are broken whenever that title is actually asserted against the covenantee, the premises are claimed under it, and the covenantee is compelled to yield and does yield his claim to the superior title.

**Same—Statute of Limitations.**

The vendee's right of action against the warrantor does not date from the time when the deed was delivered, so as to be barred by the statute of limitations at the end of six years thereafter.

**Merger of Title.**

The vendee in such a case may extinguish the paramount title by purchase.

**Measure of Damages.**

The ordinary measure of damages on breach of the covenants of a warranty deed is the consideration paid, with interest, together with costs and expenses, including an attorney's fee, reasonably and in good faith incurred in defending title and resisting the eviction.

**Same.**

Where the vendee buys the paramount title, the measure of damages is the amount paid therefor, and interest, provided the sum does not exceed the consideration money and interest.

[1] Reported in 116 N. W. 931.

**Same.**

If the purchaser has been actually deprived of part only of the subject of his bargain, his damages correspond.

Action in the district court for Nobles county to recover $2,429.80 for breach of covenant contained in a certain deed. The case was tried before P. E. Brown, J., who made findings and ordered judgment in favor of plaintiffs for the sum of $1,008.40. From the judgment entered pursuant to the order, defendants appealed. Affirmed.

*Geo. Wilson & Son,* for appellants.

*Town & Jones,* for respondents.

JAGGARD, J.

On December 25, 1890, defendants made and delivered to Samuel Brooks, now deceased, a warranty deed in the usual form conveying one hundred sixty acres of land. Defendants had never been in actual possession of the land or any part thereof. At the time of the delivery of the deed the land was vacant and unoccupied. Within a few months after the delivery of the deed, the grantee, Samuel Brooks, took the actual possession of the land under the deed, and resided upon the land up to the day of his death. Since that, and up to the present time, his heirs at law, the plaintiffs, have continued such actual possession, and some of them now reside upon the land. On January 17, 1903, an action in partition was brought by a plaintiff, claiming to own an undivided nine-fifteenths interest in the premises, against the heirs of Samuel Brooks, as the owners of an undivided two-fifteenths, and against two other defendants, each alleged to own an undivided two-fifteenths interest. The ownership of such respective undivided interests was found as a fact by the court. On August 9, 1905, the present plaintiffs procured conveyances from other co-tenants of their interests for a total sum of $1,729.80. Of this sum only one dollar was paid to one co-tenant for a two-fifteenths interest, and the remainder to the other co-tenants. Notice of the pendency of the partition suit was served by Brooks on Fred Mohl, one of the defendants in this suit, but not on the other defendant, his wife. This was an action brought by plaintiffs on July 30, 1906, for damages for the breach of covenant contained in the deed. The trial court in this case found these facts. It also found that plaintiffs

had accounted for the rental value of said·lands to the original owners thereof, as determined in probate proceedings previously referred to.

The defendants urge that the complaint is one for damages . for breach of the covenant of seisin only; that this covenant was broken as soon as the deed was delivered, to wit, on December 25, 1890; and that inasmuch as this action was not brought until July 30, 1906, it was barred by the six-year statute of limitations. Section 4076, R. L. 1905. This position is not tenable.

Undoubtedly, for some purposes, the covenant for seisin is regarded as broken by failure of title as soon as the deed is delivered; but for the present purpose that rule is not properly invoked. It is the settled law of this state, in conformity with the general opinion on the subject, that "if, at the date of the covenant, there is a superior title in a third person, whenever that title is actually asserted against the covenantee, and the premises claimed under it, and the covenantee is obliged to yield and does yield his claim to such superior title, the covenant * * * is broken." Allis v. Nininger, 25 Minn. 525, per Gilfillan, C. J.; Jones, Real Prop. § 987; 11 Cyc. 1134. The judgment in the partition suit was a sufficient eviction to constitute a breach of covenant, and the purchase out of the outstanding title by the covenantee, after resistance in good faith, in no wise affected the sufficiency of the eviction. It was not necessary that the covenantee should go through the formality of surrendering possession and of immediately re-entering upon the premises. The purchase is equivalent to an entry of the claimant. Parker, C. J., in Loomis v. Bedel, 11 N. H. 74; Ogden v. Ball, 40 Minn. 94, 41 N. W. 453; Cf. Wagner v. Finnegan, 65 Minn. 115, 67 N. W. 795; Jones, Real Prop. § 919. That is to say, the vendee may extinguish the paramount title by purchase. Galbreath v. Doe, 8 Blackf. (Ind.) 368; Loomis v. Bedel, 11 N. H. 74. This is not only clear on authority, but is obviously necessary on principle. Otherwise the covenantee, in unopposed possession for six years without notice of adverse claim of title, might be evicted and have no remedy against his grantor. His cause of action would be barred before he would know of its existence.

The breach of the covenants of the warranty deed and the failure

of title, admitted both in the pleadings and in the proofs, deprives of legal significance the failure to serve notice upon Mrs. Mohl.

Defendants assert, by way of "set-off and recoupment," the fair market value of the use of said premises, or at least six-fifteenths thereof, as the result of which they ask for judgment against the plaintiffs in the sum of $2,030. We are at a loss to understand by what sophistry an appearance of reason can be given to making a breach of a warranty so profitable to the party violating his covenant. Plaintiffs were entitled to the use of two-fifteenths of the land as owners by purchase from defendants. They were liable to the owners of the thirteen-fifteenths interest for the market value of that portion of the premises until the time of settlement, which was found to have been made. From that time they were entitled to possession as owners of the whole. This was the proper conclusion of the trial court.

Defendants object, also, to the court's assessment of damages and of costs incurred or paid. It is elementary that in actions for a breach of the covenants, where there has been an eviction, actual or constructive, the plaintiff is entitled to recover for the loss of the land, usually measured by the consideration paid, with interest (Devine v. Lewis, 38 Minn. 24, 35 N. W. 711; Devlin, Deeds, § 894), and, in case of partial breach, damages pro tanto (Downer's Adm'rs v. Smith, 38 Vt. 464; McNally v. White, 154 Ind. 163, 54 N. E. 794, 797, 56 N. E. 214), and also costs and expenses and an attorney's fee reasonably and in good faith incurred in defending the title and resisting the eviction (Allis v. Nininger, 25 Minn. 525; Sutherland, Dam. [2d Ed.] § 617). The trial court ordered judgment for the plaintiffs in the sum of $559.98 with interest for not more than six years prior to the eviction at the rate of six per cent. This was less than six-fifteenths of the purchase price, and was obviously unobjectionable from that point of view.

Defendants also insist, however, that plaintiffs could only recover what they paid for the four-fifteenths outstanding interest, provided the amount was fair and reasonable, or worth what they paid, and that for the remaining interest only one dollar could be recovered. This position involves a misapplication of the ordinary rule of damages, and is not tenable under the rule applying to cases in which a vendee has bought in a paramount outstanding title. In the latter case the meas-

ure of damages is the amount paid therefor and interest, providing the sum does not exceed the consideration money and interest. In the case of a partial breach, the damages awarded correspond. Lawless v. Collier's Ex'rs, 19 Mo. 483; Hutchins v. Roundtree, 77 Mo. 500; Dale v. Shively, 8 Kan. 277, 281, per Brewer, J. Within this rule the trial court's finding was obviously correct.

The court also ordered judgment for $458.42 in pursuance of the previous finding that in fact plaintiffs had necessarily expended various sums for the purpose of defending the action described in the complaint, and were liable for other necessary expenses of the same kind not then actually paid. Here, again, objection is made to paying the plaintiffs for money expended in perfecting title of the co-tenant whose two-fifteenths was purchased for one dollar. There is no merit in this objection. The conclusion of law follows from the findings of fact. The findings of fact were fully justified by the evidence.

Other assignments of error have been examined, and have been found to be without merit. They call for no special discussion.

Affirmed.